**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRIST TAVANTZIS and CHRISTRIKES
CUSTOM MOTORCYCLES, INC.,

       Plaintiffs,

v.                                  Case No:  6:14-cv-1519-Orl-40TBS

AMERICAN CHOPPERS, et al.,

       Defendants.

_____

**<u>OMNIBUS ORDER</u>**

This cause comes before the Court on the following matters:

1. Defendants' Motion to Quash Service of Process (Doc. 67), filed April 17, 2015;

2. Defendants' Motion to Dismiss All Counts for Failure to State a Claim, or, in the Alternative, for a More Definite Statement and Memorandum of Law in Support Thereof (Doc. 89), filed May 22, 2015;

3. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 90), filed May 22, 2015;

4. Defendants' Motion to Dismiss for Improper Venue, or Alternatively to Transfer to Southern District of New York and Memorandum of Law in Support Thereof (Doc. 91), filed May 22, 2015;

5. Defendant Scott Popjes' Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum of Law in Support Thereof (Doc. 92), filed May 22, 2015;

6. Motion to Dismiss by Defendant The Reeve Foundation (Doc. 93), filed May 22, 2015;

7. Defendant Craig Piligian's Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum of Law in Support Thereof (Doc. 94), filed May 22, 2015;

8. Joint Motion for Oral Argument (Doc. 98), filed May 22, 2015;

9. Defendants Discovery Communications, Inc.'s, Discovery Holding Company's, Discovery Channel's, Debmar-Mercury's, Lionsgate's, TLC's, and Christo Doyle's Dispositive Motion to Dismiss or in the Alternative, for a More Definite Statement (Doc. 100), filed May 22, 2015;

10. Defendants Jesse Billauer and Life Rolls On's Motion to Dismiss Plaintiffs' Allegations and Supporting Memorandum of Law (Doc. 103), filed May 22, 2015; and

11. Plaintiffs' Response in Opposition to Various Motions to Dismiss and Challenges to Jurisdiction (Doc. 114), filed July 20, 2015.

## I.   BACKGROUND

Plaintiffs, Christ Tavantzis and ChrisTrikes Custom Motorcycles, Inc., bring this lawsuit against numerous television and entertainment companies, producers, reality television stars, and other entities and individuals who allegedly infringed on Tavantzis' patent for a wheelchair-accessible motorcycle (the "Wheelchair Motorcycle").   The gravamen of Plaintiffs' ten-count Complaint is that the thirty-one named defendants acted individually and/or in concert to steal Tavantzis' invention and pass the Wheelchair Motorcycle off as their own through various reality television shows.  By doing so, Plaintiffs claim that Defendants infringed or induced the infringement of Plaintiffs' intellectual property rights in the Wheelchair Motorcycle, discriminated against and excluded

Plaintiffs in violation of the Americans with Disabilities Act, intentionally inflicted emotional distress on Plaintiffs, and conspired to defraud Plaintiffs.  Those defendants who have been served now move to dismiss the Complaint for a number of reasons, including for lack of personal jurisdiction, improper venue, and for failing to state claims upon which relief can be granted.  Eight defendants also move to quash service of process.

## II.   DISCUSSION

### A.   Motion to Dismiss/Motion for More Definite Statement (Doc. 100)

Defendants, Discovery Communications, Inc., Discovery Holding Company, Discovery Channel, Debmar-Mercury, Lionsgate, TLC, and Christo Doyle (the "Discovery Defendants"), move to dismiss the Complaint or, in the alternative, move for a more definite statement.  Of particular importance to the Court in this Order, the Discovery Defendants contend that the Complaint is a "shotgun" pleading which prevents them from reasonably formulating a response.  (Doc. 100, pp. 24–25).  Plaintiffs do not respond to the Discovery Defendants' position that the Complaint is a shotgun pleading.  (*See* Doc. 114, ¶ 6).

The Eleventh Circuit has recently outlined four types of "shotgun" complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted).  All four categories of shotgun pleading require amendment because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Moreover, "[s]hotgun pleadings wreak havoc on the judicial system" by forcing courts to expend already scarce judicial resources on "disputes that are not structurally prepared to use those resources efficiently."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).

The Complaint in this case falls into at least three of the four categories of shotgun pleadings described by the Eleventh Circuit in *Weiland*.  First, each count re-alleges every preceding count, with the last count incorporating all claims for relief alleged in the entire Complaint.[1]  (Doc. 1, ¶¶ 67, 76, 84, 89, 100, 106, 123, 130, 136, 143).  Second, on at least one occasion, Plaintiffs allege multiple claims under a single count: Count IV of the Complaint attempts to allege claims for both fraud and civil conspiracy.

Finally, and what causes the most confusion in this case, Plaintiffs do not identify which counts and factual allegations are alleged against which defendants or which plaintiff brings each count.  For example, Plaintiffs' patent infringement claim references "Defendant" in some paragraphs and "Defendants" in other paragraphs.  (*Id.* ¶¶ 70–75).  However, Plaintiffs never name a particular defendant and the Court is left to guess whether Plaintiffs intend to sue one defendant, some of the defendants, or all thirty-one defendants for patent infringement.  Further, Plaintiffs never identify which of them brings each count, which can be especially confusing where, as here, one plaintiff is an individual

---

[1]   Even more confusingly, the first paragraph of each count also re-alleges itself.

and the other plaintiff is a corporation.  For example, as the Complaint currently reads, both Plaintiffs allege claims for ADA discrimination, ADA exclusion, and intentional infliction of emotional distress.  However, without an explanation from Plaintiffs, the Court is left to guess whether these counts are brought by the individual plaintiff, the corporate plaintiff, or both, despite the fact that one would presume a corporation could neither be disabled within the meaning of the ADA nor suffer emotional distress.  Plaintiffs further exacerbate this confusion by referring to the individual plaintiff and the corporate plaintiff both collectively and interchangeably throughout the Complaint.

With these deficiencies, there is no doubt that no defendant to this action (let alone the Court) could reasonably know what Plaintiffs intend to allege against each of them. For this reason, Plaintiffs will be required to amend their Complaint.

**B.    Motion to Quash Service of Process (Doc. 67)**

Defendants, Orange County Choppers Holdings, Inc., Orange County Choppers, Inc., Orange County Choppers International Holdings, Inc., Paul Teutul, Sr., Mikey Teutul, Rick Petko, Jason, Pohl, and Jim Quinn (the "OCC Defendants"), move to quash service of process on the grounds that Plaintiffs failed to perfect service of process as required by Federal Rule of Civil Procedure 4.  Specifically, the OCC Defendants state that the person who Plaintiffs served with the summons and Complaint is not the type of individual who may accept service of process on their behalf.

Federal Rule of Civil Procedure 4 governs service of process for lawsuits filed in this Court and Plaintiffs bear the burden of showing that service was proper.  *Caicedo v. Food for Life Experience, Inc.*, No. 1:13-cv-00258-GRJ, 2014 WL 2991090, at *2 (N.D. Fla. July 2, 2014); *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1277

(S.D. Fla. 1999).  With respect to the individual OCC Defendants (Paul Teutul, Sr., Mikey Teutul, Rick Petko, Jason Pohl, and Jim Quinn), Rule 4 requires Plaintiffs to accomplish service in one of the following five ways: (1) by requesting that the individual waive service, (2) by following the service rules of the state in which the lawsuit is filed or in which service is to be made, (3) by delivering a summons and the Complaint on the individual personally, (4) by leaving a summons and the Complaint at the individual's usual place of abode with a suitable person who resides there, or (5) by delivering a summons and the Complaint to an agent of the individual who is authorized by law to accept service on the individual's behalf.  Fed. R. Civ. P. 4(d), (e).

With respect to the corporate OCC Defendants (Orange County Choppers Holdings, Inc., Orange County Choppers, Inc., and Orange County Choppers International Holdings, Inc.), Rule 4 requires Plaintiffs to accomplish service in one of the following three ways: (1) by requesting that the corporation waive service, (2) by following the service rules of the state in which the lawsuit is filed or in which service is to be made, or (3) by delivering a summons and the Complaint to an officer, managing agent, general agent, or any other agent authorized by law to accept service on the corporation's behalf. Fed. R. Civ. P. 4(d), (h)(1).

Plaintiffs contend that they served an individual authorized by law to accept service on the OCC Defendants' behalf.  (Doc. 114, ¶ 1).  A review of the proofs of service filed by Plaintiffs shows that service was made on each of the OCC Defendants through Cassie Van Oyan, who the process server describes as a "manager."  (Docs. 53, 54, 55, 56, 57, 59, 60, 61).  However, Ms. Van Oyan affirms by way of sworn affidavit that she is not an officer, shareholder, manager, or employee of any of the OCC Defendants; instead, she

works at a retail store which sells the OCC Defendants' products.  (Doc. 67-1, ¶¶ 4–7).

Ms. Van Oyan further confirms that none of the individual OCC Defendants reside at her

workplace and that she is not authorized by law to accept service on behalf of any of the

OCC Defendants.  (*Id.* ¶¶ 8–9).  Because Plaintiffs did not serve either the individual or

corporate OCC Defendants through the means required by Rule 4, service of process will

be quashed.  Plaintiffs will be afforded the opportunity to effectuate proper service on the

OCC Defendants upon the filing of an Amended Complaint.

### C.     The Remaining Motions to Dismiss

Many of the defendants to this lawsuit have also filed motions to dismiss on

grounds such as the running of the statute of limitations, lack of personal jurisdiction, and

improper venue.  Because of the confusing nature and general inadequacy of Plaintiffs'

Complaint, the Court declines to reach these issues at this time.  Notwithstanding,

Plaintiffs would likely be well-served to take note of these objections in crafting their

Amended Complaint.  All remaining motions to dismiss will therefore be denied as moot.[2]

### III.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  The parties' Joint Motion for Oral Argument (Doc. 98) is **DENIED**.

2.  Defendants   Discovery   Communications,   Inc.'s,   Discovery   Holding
    Company's, Discovery Channel's, Debmar-Mercury's, Lionsgate's, TLC's,
    and Christo Doyle's Dispositive Motion to Dismiss or in the Alternative, for

---

[2]   The denial of the remaining motions to dismiss as moot will not be deemed a waiver
of any defense or objection raised therein.  Defendants may renew their motions to
dismiss upon Plaintiffs' filing of an Amended Complaint and within the time provided
by Rule 12.

a More Definite Statement (Doc. 100) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants' motion is **GRANTED** to the extent that Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.  Plaintiffs have **fourteen (14) days** from the date of this Order to file an Amended Complaint.

    b. Defendants' motion is otherwise **DENIED AS MOOT**.

3. Defendants' Motion to Quash Service of Process (Doc. 67) is **GRANTED**. Service of process is **QUASHED** as to Orange County Choppers Holdings, Inc., Orange County Choppers, Inc., Orange County Choppers International Holdings, Inc., Paul Teutul, Sr., Mikey Teutul, Rick Petko, Jason Pohl, and Jim Quinn.  Plaintiffs have **thirty (30) days** from the filing of an Amended Complaint to perfect and prove service of process on these defendants as required by Federal Rule of Civil Procedure 4.  Plaintiffs' failure to prove service of process on these defendants within the time provided will result in the Court dismissing these defendants from the case without prejudice.

4. Defendants' Motion to Dismiss All Counts for Failure to State a Claim, or, in the Alternative, for a More Definite Statement (Doc. 89) is **DENIED AS MOOT**.

5. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 90) is **DENIED AS MOOT**.

6. Defendants' Motion to Dismiss for Improper Venue, or Alternatively to Transfer to Southern District of New York (Doc. 91) is **DENIED AS MOOT**.

7. Defendant Scott Popjes' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 92) is **DENIED AS MOOT**.

8. The Reeve Foundation's Motion to Dismiss (Doc. 93) is **DENIED AS MOOT**.

9. Defendant Craig Piligian's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 94) is **DENIED AS MOOT**.

10. Defendants Jesse Billauer and Life Rolls On's Motion to Dismiss Plaintiffs' Allegations (Doc. 103) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on November 4, 2015.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record