UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTRIKES CUSTOM
MOTORCYCLES, INC.,

    Plaintiff,

v.                                                                                  Case No:  6:14-cv-1519-Orl-40TBS

PAUL TEUTUL, JR., et al.,

    Defendants.

## OMNIBUS ORDER

This cause comes before the Court on the following:

1. Defendant The Christopher Reeve Foundation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 141), filed December 14, 2015;

2. Defendant The Christopher Reeve Foundation's Motion to Dismiss (Doc. 142), filed December 14, 2015;

3. Certain Defendants' Motion to Dismiss All Counts of the Amended Complaint for Failure to State a Claim and Memorandum of Law in Support Thereof (Doc. 143), filed December 14, 2015;

4. Defendant Craig Piligian's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and Memorandum of Law in Support Thereof (Doc. 144), filed December 14, 2015;

5. Defendant Scott Popjes' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and Memorandum of Law in Support Thereof (Doc. 145), filed December 14, 2015;

1

6. Certain Defendants' Motion to Dismiss Amended Complaint for Improper Venue, or Alternatively to Transfer to Southern District of New York and Memorandum of Law in Support Thereof (Doc. 146), filed December 14, 2015;

7. Defendants' Motion for Oral Argument (Doc. 147), filed December 14, 2015;

8. Defendants Discovery Communications, Inc.'s, Discovery Holding Company's, Discovery Channel's, Debmar-Mercury's, Lionsgate's, TLC's, and Christo Doyle's Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. 148), filed December 14, 2015;

9. Defendants Jesse Billauer and Life Rolls On's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction (Doc. 149), filed December 14, 2015; and

10. Certain Defendants' Motion to Dismiss All Counts of the Amended Complaint for Failure to State a Claim and Memorandum of Law in Support Thereof (Doc. 150), filed December 14, 2015;

Plaintiff has elected not to respond to Defendants' respective motions. The above-listed motions are therefore ripe for review.

**I.     BACKGROUND**

Christ Tavantzis and ChrisTrikes Custom Motorcycles, Inc. ("ChrisTrikes") initiated this lawsuit on September 18, 2014 by filing a ten-count Complaint against myriad individuals and entities who allegedly infringed on a patent for a wheelchair-accessible motorcycle (the "Wheelchair Motorcycle"). On November 4, 2015, the Court dismissed the Complaint as an impermissible shotgun pleading (Doc. 130) and, on November 18, 2015, Mr. Tavantzis and ChrisTrikes filed an eleven-count Amended Complaint (Doc. 132), which remains the operative pleading in this lawsuit. Like the original

Complaint, the gravamen of the Amended Complaint is that Defendants infringed the Wheelchair Motorcycle patent.

Since the filing of the Amended Complaint, the Court has dismissed a number of Defendants due to insufficient service of process. (Doc. 153). Additionally, the Court received notice of Mr. Tavantzis' death on March 2, 2016. (Doc. 155). However, because no party moved to substitute the proper party to continue Mr. Tavantzis' claims within the time required by Federal Rule of Civil Procedure 25(a), the Court dismissed Mr. Tavantzis from the lawsuit on June 8, 2016. (Doc. 156). As a result, the only remaining Plaintiff is ChrisTrikes.

Now before the Court are a litany of motions filed by the remaining Defendants. Some of them assert that the Court cannot exercise personal jurisdiction over them. Others claim that this Court is not the proper venue for ChrisTrikes to bring its dispute. All Defendants, however, agree that the Amended Complaint fails to state any claim for relief against them. They accordingly move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   DISCUSSION

### A.   Dismissal of Claims Asserted Only by Mr. Tavantzis

Due to Mr. Tavantzis' dismissal from this lawsuit, the Court finds it prudent to begin by determining which counts in the Amended Complaint were brought only by him and are, therefore, subject to dismissal. As some of the Defendants observe, this is a formidable task given the Amended Complaint's failure to identify who brings each count. Nevertheless, the Court discerns that at least Count VI (state law claim for exploitation of disabled persons), Count VII (ADA Title III claim), Count VIII (ADA Title II claim), and Count IX (state law claim for intentional infliction of emotional distress) were brought

solely by Mr. Tavantzis, as all of these counts are personal in nature to Mr. Tavantzis and do not allege ChrisTrikes' involvement. These counts will therefore be dismissed because there is no longer a plaintiff to assert them.

### B. Whether ChrisTrikes Has Standing to Allege Patent Claims

The Court next examines ChrisTrikes' standing to bring the patent claims alleged in Count I, which include claims based on theories of direct infringement, contributory infringement, and induced infringement. Because standing is a fundamental component of a federal court's subject matter jurisdiction, the Court is entitled to examine ChrisTrikes' standing on its own initiative. *See Bischoff v. Osceola Cty.*, 222 F.3d 874, 877–78 (11th Cir. 2000). In order to have standing to bring its patent claims, ChrisTrikes must not only demonstrate that it satisfies Article III's constitutional standing requirements, but also that it has standing as defined by the Patent Act. *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 897 (2016). To that end, the Patent Act affords standing to the "patentee," a term which is construed to include both the individual or entity to whom a patent is issued and any "successors in title to the patentee." *Id.* (quoting 35 U.S.C. § 100(d)). Additionally, well-established case law provides standing to exclusive licensees of a patent as long as the patent holder transfers "all substantial rights" in the patent to the licensee. *Id.* (quoting *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed. Cir. 2007)).

Here, the patent in dispute names only Mr. Tavantzis as the patentee. (Doc. 133, p. 49). Further, ChrisTrikes does not contend that it is an exclusive licensee of the patent or that Mr. Tavantzis has transferred any interest in the patent to ChrisTrikes. Indeed, ChrisTrikes concedes that "Mr. Tavantzis is the owner of all rights, title, and interest" in the patent, including the right to sue for its infringement. (Doc. 132, ¶ 109). ChrisTrikes

therefore does not have standing to bring any of the patent infringement claims it asserts and Count I must be dismissed.

### C. Whether ChrisTrikes States Claims for Relief

The Court now turns to Defendants' motions to dismiss under Rule 12(b)(6). A motion to dismiss made under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim are not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint as true and read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). The Court examines ChrisTrikes' remaining claims in the most logical order:

#### 1. Fraud and Intentional Misrepresentation Claims

Counts IV and X allege state law claims for fraud and intentional misrepresentation, respectively. In Florida, the elements required to state both claims are the same: (1) the defendant made a false statement or representation about a material fact, (2) the defendant knew that his statement or representation was false or acted with disregard to its veracity, (3) the defendant intended the plaintiff to rely on the false statement or representation, (4) the plaintiff did, in fact, justifiably and detrimentally rely on the false statement or representation, and (5) the plaintiff suffered damages as a result. *See Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650–51 (Fla. Dist. Ct. App. 2006), *review*

*denied*, 949 So. 2d 197 (Fla. 2007). When alleging fraud or intentional misrepresentation, the circumstances constituting the fraud or misrepresentation "shall be stated with particularity." Fed. R. Civ. P. 9(b). This heightened pleading standard requires the plaintiff to identify the precise statements and representations made, the time and place of each statement and representation, the manner in which each statement and representation misled the plaintiff, and exactly what each defendant obtained as a result of the statements and representations. *Bearse v. Main St. Invs.*, 220 F. Supp. 2d 1338, 1345 (M.D. Fla. 2002).

In its fraud claim, ChrisTrikes alleges that the fraud at issue in this case is Defendants' act of televising the Wheelchair Motorcycle as being their original creation and as being built "solely for a charitable purpose." (Doc. 132, ¶ 153). ChrisTrikes likewise alleges in its intentional misrepresentation claim that the representations forming the basis of the claim are Defendants' statements and conduct indicating that they created the Wheelchair Motorcycle. (*Id.* ¶¶ 240–251). However, in neither claim does ChrisTrikes describe how it relied on these statements and representations. Indeed, ChrisTrikes' theory appears to be that Defendants made false statements and representations to *others* who relied to *their* detriment. Because these facts are insufficient to state a claim for fraud or intentional misrepresentation, Counts IV and X will be dismissed.

### 2. Trade Dress Infringement Claims

Count XI alleges a claim for trade dress infringement. Although ChrisTrikes labels Count XI as arising solely under § 43(a) of the Lanham Act, ChrisTrikes additionally includes references in Count XI to state law claims for trademark dilution and for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–.23. The Court addresses each claim in turn.

To state a trade dress infringement claim under the Lanham Act, a plaintiff must establish three elements: (1) consumer confusion among the competing trade dresses, (2) the features of the trade dress are primarily non-functional, and (3) the trade dress is inherently distinctive or has acquired secondary meaning. *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1202 (11th Cir. 2004), *cert. denied*, 543 U.S. 1054. Where the plaintiff asserts the infringement of an unregistered trade dress, as ChrisTrikes does in this case, the third element may only be satisfied by a showing of secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 216 (2000). Trade dress acquires secondary meaning "when, 'in the minds of the public, the primary significance of [the trade dress] is to identify the source of the product rather than the product itself.'" *Id.* at 211 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851 n.11 (1982)).

ChrisTrikes alleges no facts which would allow the reasonable inference that the design of the Wheelchair Motorcycle has developed secondary meaning. There are no facts in the Amended Complaint or its attached exhibits tending to indicate that the Wheelchair Motorcycle's design is so distinctive that it identifies either ChrisTrikes or the Wheelchair Motorcycle's inventor, Mr. Tavantzis. Accordingly, ChrisTrikes fails to state a claim for trade dress infringement under the Lanham Act.

As part of stating a claim for dilution under Florida law, the plaintiff must show that its trade dress is "famous." *See Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 91 F. Supp. 3d 1265, 1286 (S.D. Fla. 2015), *appeal docketed*, No. 15-11509 (11th Cir. Apr. 8, 2015). To be famous, the trade dress "must have a degree of distinctiveness and strength beyond that needed to serve as a trademark; it must be truly prominent and renowned." *Id.* (quoting *MPS Entm't, LLC v. Abercrombie & Fitch Stores, Inc.*, No. 11-24110-CIV,

2013 WL 3288039, at *16 (S.D. Fla. June 28, 2013)). Florida statute enumerates eight non-exhaustive factors which speak to a trade dress's fame. *See* Fla. Stat. § 495.151(1)(a)–(h).

ChrisTrikes again fails to allege any facts which would warrant the reasonable inference that the Wheelchair Motorcycle's trade dress is famous. In fact, by its own admission, ChrisTrikes has had no impact in the market. (Doc. 132, ¶ 266). The Court therefore cannot infer that the Wheelchair Motorcycle is prominent or renowned in such a way as to be protected under Florida law. As a result, ChrisTrikes fails to state a claim for dilution as well.

Finally, because ChrisTrikes alleges no cognizable trademark or trade dress claim, its FDUTPA claim must also fail. *See Nat. Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1333 (11th Cir. 2008) (holding that a FDUTPA claim premised on the infringement of a trademark or trade dress "rises or falls on the success" of the underlying claims). Count XI will consequently be dismissed.

### 3. Vicarious Liability, Respondeat Superior, and Civil Conspiracy Claims

Finally, Counts II, III, and V allege claims for vicarious liability, respondeat superior, and civil conspiracy, respectively. In order to state a claim under any of these theories, however, there must be an underlying claim through which the plaintiff can hold one of the defendants liable. *See United States ex rel. Crenshaw v. Degayner*, 622 F. Supp. 2d 1258, 1284 (M.D. Fla. 2008) (holding that a civil conspiracy claim "must be premised on an underlying tort or cause of action"); *Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 467–68 (Fla. 2005) (explaining that vicarious liability only applies where liability attaches to another tortfeasor); *Buetner v. Cellular One, Inc.*, 700 So. 2d 48, 48 (Fla. Dist. Ct. App. 1997) (explaining that respondeat superior only applies where

liability attaches to one's principal), *review denied*, 717 So. 2d 529 (Fla. 1998). Because the Court has dismissed all of ChrisTrikes' underlying claims for relief, Counts II, III, and V must likewise be dismissed.

### III.  CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Counts VI, VII, VIII, and IX of Plaintiff's Amended Complaint are **DISMISSED** due to Christ Tavantzis' dismissal from this lawsuit. Count I of Plaintiff's Amended Complaint is **DISMISSED** for lack of standing.

2. Defendant The Christopher Reeve Foundation's Motion to Dismiss (Doc. 142) is **GRANTED IN PART**. Counts IV, V, X, and XI are **DISMISSED** as to The Christopher Reeve Foundation for failing to state claims for relief.[1] The motion is otherwise **DENIED**.

3. Certain Defendants' Motion to Dismiss All Counts of the Amended Complaint for Failure to State a Claim (Doc. 143) is **GRANTED IN PART**. Counts II, III, IV, V, X, and XI are **DISMISSED** as to Pilgrim Films & Television, Scott Popjes, Craig Piligian, Viacom, Inc., MTV Networks Music & Logo Group, Inc., and Country Music Television, Inc. for failing to state claims for relief. The motion is otherwise **DENIED**.

4. Defendants Discovery Communications, Inc.'s, Discovery Holding Company's, Discovery Channel's, Debmar-Mercury's, Lionsgate's, TLC's, and Christo Doyle's Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. 148) is **GRANTED IN PART**. Counts II, III, IV, V, X, XI are **DISMISSED**

---

[1] The Court notes that Counts II and III were not alleged against The Christopher Reeve Foundation.

as to Discovery Communications, Inc., Discovery Holding Company, Discovery Channel, Debmar-Mercury, Lionsgate, TLC, and Christo Doyle for failing to state claims for relief. The motion is otherwise **DENIED**.

5. Certain Defendants' Motion to Dismiss All Counts of the Amended Complaint for Failure to State a Claim (Doc. 150) is **GRANTED IN PART**. Counts II, III, IV, V, X, and XI are **DISMISSED** as to Jesse Billauer and Life Rolls On for failing to state claims for relief. The motion is otherwise **DENIED**.

6. There being no remaining claims against Life Rolls On, Jesse Billauer, Chris and Dana Reeves Foundation, TLC, Discovery Channel, Discovery Holding Company, Scott Popjes, Craig Piligian, Christo Doyle, Pilgrim Films & Television, Debmar-Mercury, Lionsgate (LGF), Country Music Television, Inc. (CMT), MTV Networks Music & Logo Group, Inc. (MTV), Viacom, Inc./Viacom Media Networks (VIA), and Discovery Communications, those Defendants are **DISMISSED** and the Clerk of Court is **DIRECTED** to terminate them from the docket.

7. Defendant The Christopher Reeve Foundation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 141) is **DENIED AS MOOT**.

8. Defendant Craig Piligian's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (Doc. 144) is **DENIED AS MOOT**.

9. Defendant Scott Popjes' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (Doc. 145) is **DENIED AS MOOT**.

10. Certain Defendants' Motion to Dismiss Amended Complaint for Improper Venue, or Alternatively to Transfer to Southern District of New York (Doc. 146) is **DENIED AS MOOT**.

11. Defendants' Motion for Oral Argument (Doc. 147) is **DENIED AS MOOT**.

12. Defendants Jesse Billauer and Life Rolls On's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction (Doc. 149) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on June 21, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties